Scott S. Humphreys (SBN 298021)
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400
Facsimile: 424.204.4350
Email: humphreyss@ballardspahr.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT A. ZIRKIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANDY MEDIA, INC., a California Corporation; ANGELA STRUCK, an individual; RAYMOND ATTIPA, an individual; TIGRANOUHI ATTIPA, an individual; and DOES 1 through 100, inclusive;,<br><br>    Defendants. | Case No. 2:18-cv-9207<br><br>**NOTICE OF REMOVAL**<br><br>COMPLAINT FILED IN<br>LOS ANGELES SUPERIOR COURT:<br>OCT. 16, 2018<br><br>NOTICE OF REMOVAL FILED:<br>OCT. 26, 2018 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Shandy Media, Inc., Angela Struck, Raymond Attipa, and Tigranouhi Attipa (collectively, "Defendants") hereby remove the above-captioned action ("Action") to this Court from the Superior Court of the State of California, County of Los Angeles.

# INTRODUCTION

As set forth below, Defendants have complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a).

Defendants hereby reserve any objection as to the legal sufficiency of the claims alleged in the Action, and all other defenses. Defendants reserve the right to supplement and amend this Notice of Removal.

# BACKGROUND

## I. This Action

On October 16, 2018, Plaintiff Robert A. Zirkin ("Plaintiff") filed a Complaint ("Complaint") against Defendants in the Superior Court of the State of California, County of Los Angeles, Case No. 18STCV01568. The Complaint purports to state claims for defamation and false light. Plaintiff's claims arise from a video news report ("the Video") that Defendant Shandy Media, Inc. published on its website on October 17, 2017. Plaintiff alleges that the Video defamed him and cast him in a false light, thereby causing him reputational harm. Among other relief, Plaintiff seeks compensatory and punitive damages, as well as attorneys' fees. *See* Exhibit 1 (Summons and Complaint); *see also* Exhibit 2 (Civil Case Cover Sheet); Exhibit 3 (Notice of Case Assignment). Defendants deny any liability for the claims and reserve their right to raise any and all defenses at a later date.

## II. The Maryland Action

More than a year ago, on October 17, 2017, Plaintiff filed a lawsuit against Defendants in the Maryland Circuit Court for Baltimore County ("the Maryland Action"). The Maryland Action was based on allegations essentially identical to the allegations made in the Complaint, and Plaintiff similarly purported in that action to bring claims for defamation and false light against Defendants based on the publication of the Video. The complaint filed in the Maryland Action sought damages "in excess of Seventy-Five Thousand Dollars ($75,000), plus interest,

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

costs, attorneys' fees, and punitive damages in an amount to be determined at trial." *See* Exhibit 4 (Maryland Complaint). The Civil Case Information Report filed by Plaintiff in Maryland stated that the monetary damages at issue exceeded $100,000. *See id.* at 1.

On January 26, 2017, Plaintiff filed an amended complaint in the Maryland Action. Like the initial complaint, the amended complaint purported to bring claims for defamation and false light based on the publication of the Video, and sought damages "in excess of Seventy-Five Thousand Dollars ($75,000), plus interest, costs, attorneys' fees, and punitive damages in an amount to be determined at trial." *See* Exhibit 5 (Maryland Amended Complaint).

Defendants moved to dismiss the amended complaint on the grounds that they were not subject to personal jurisdiction in Maryland. On October 4, 2018, the Maryland Circuit Court issued an opinion and order granting the motion and dismissing Plaintiff's claims against Defendants. *See* Exhibit 6 (Maryland Opinion and Order). On October 15, 2018, Plaintiff filed a motion for reconsideration of that opinion and order. *See* Exhibit 7 (Maryland Mot. for Reconsideration).[1]

## GROUNDS FOR REMOVAL

As set forth fully below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and this action is between "Citizens of different States[.]"

**I.   The $75,000 Amount-In-Controversy Requirement Is Satisfied**

Defendants deny liability on all of Plaintiff's claims. However, for purposes of removal to federal court, "[i]n measuring the amount of controversy, a court must assume that the allegations of the complaint are true and that a jury will return a

---

[1] In the Maryland action, Plaintiff also named several Maryland-based defendants who, without Defendants' permission, allegedly posted the Video to their website. The claims against those Maryland-based defendants remain pending in the Maryland Circuit Court.

1 verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life
2 & Accident Ins. Co.*, 890 F.Supp.2d 1246, 1249 (C.D. Cal. 2012)).

3       The amount-in-controversy requirement is met here. Though the instant
4 Complaint is silent on the specific amount of damages sought by Plaintiff, the
5 pleadings he filed in the Maryland Action expressly concede that the amount-in-
6 controversy exceeds the $75,000 jurisdictional threshold. *See supra*, pp. 2-3;
7 *see also Miraglia v. State Farm Fire and Cas. Co.*, Case No. 08-161-VAP, 2008
8 WL 11338641, at *4 (C.D. Cal. Apr. 8, 2008) (plaintiff's admissions in separately
9 filed litigation were sufficient to establish that amount-in-controversy requirement
10 was met). Additionally, the Complaint seeks an award of punitive damages, which
11 also must be considered as part of the amount-in-controversy. *See, e.g.*, *Gibson v.
12 Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v. Preferred Life
13 Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)).

## II. Complete Diversity Exists

15       The Complaint alleges that Plaintiff is an adult domiciled in the State of
16 Maryland. (Compl. ¶ 13.) Additionally, according to the Complaint (and which
17 undersigned counsel hereby confirms):

    a. Defendant Shandy Media, Inc. is a company incorporated in and with its principal place of business in the State of California. (*Id.* ¶ 14); *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) (corporation is citizen of a state where it has been incorporated or has its principal place of business) (citing 28 U.S.C. § 1332(c)(1)).

    b. Defendant Angela Struck is an adult domiciled in the State of California. (*Id.* ¶ 15.)

    c. Defendant Raymond Attipa is an adult domiciled in the State of California. (*Id.* ¶ 16.)

    d. Defendant Tigranouhi Attipa is an adult domiciled in the State of California. (*Id.* ¶ 17.)

Accordingly, there is complete diversity between Plaintiff and Defendants, and subject matter jurisdiction exists under 28 U.S.C. § 1332(a).[2]

### III. The Other Prerequisites For Removal Have Been Met

This removal petition is timely filed because none of the Defendants have been served with the Complaint, they all join in this notice, and this notice has been filed within 30 days of their receipt of a copy the Complaint by means other than service. *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(1).

Removal to this District is proper because the Central District of California includes Los Angeles County, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that the Central District of California, Western Division, includes Los Angeles County).

28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon Defendants in the state court action to be included with this Notice of Removal. As noted above, Defendants have not been served with any papers. However, Defendants have received by other means all of the papers Plaintiff has filed with the Los Angeles Superior Court: Attached hereto as Exhibit 1 is the Summons and Complaint; attached hereto as Exhibit 2 is the Civil Case Cover Sheet, and corresponding Addendum and Statement of Location; and attached hereto as Exhibit 3 is the Notice of Case Assignment.

Defendants will file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Los Angeles, and will promptly serve a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

////
////
////

---

[2] Although lower federal courts are in disagreement, the only federal appellate court to decide the issue has held that removal by forum-state defendants under these circumstances is proper under 28 U.S.C. § 1442(b)(2). *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018).

## **CONCLUSION**

For the foregoing reasons, Defendants hereby remove this Action, Civil Case No. 18STCV01568, currently pending in the Superior Court of the State of California, County of Los Angeles, to this Court.

DATED: October 26, 2018                    Respectfully submitted,

**BALLARD SPAHR LLP**
Scott S. Humphreys

By:  */s/ Scott S. Humphreys*
         Scott S. Humphreys

*Attorneys for Defendants*

Ballard Spahr LLP
2029 Century Park East, Suite 800
Los Angeles, CA 90067-2909
Telephone: 424.204.4400

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 800, Los Angeles, CA 90067-2909. On October 26, 2018, I served the within documents:

### NOTICE OF REMOVAL

☑ **BY MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

| | |
|---|---|
| Patrick McNicholas, Esq. – SBN 125868<br>Justin J. Eballar, Esq. – SBN 294718<br>McNicholas & McNicholas, LLP<br>10866 Wilshire Blvd.<br>Suite 1400<br>Los Angeles, CA 90024 | Attorneys for Plaintiff |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 26, 2018 at Los Angeles, California.

*Debra A. Smith*
Debra Smith