# United States District Court
# Central District of California

| | |
|---|---|
| ROBERT A. ZIRKIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHANDY MEDIA, INC., a California Corporation; ANGELA STRUCK, an individual; RAYMOND ATTIPA, an individual; TIGRANOUHI ATTIPA, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:18-cv-09207-ODW (SSx)<br><br>**ORDER DENYING MOTION TO REMAND [17]** |

## I. INTRODUCTION

Plaintiff Robert A. Zirkin ("Plaintiff"), citizen and state senator of Maryland, moves to remand this action to the Superior Court of California, County of Los Angeles. (Mot. to Remand ("Mot."), ECF No. 17.) Defendants oppose the Motion to Remand. (Opp'n to Mot. ("Opp'n"), ECF No. 18.)

For the reasons that follow, Plaintiff's Motion to Remand is **DENIED**.[1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiff seeks relief under state tort law for harm suffered due to the alleged creation and publication of a defamatory video. (Mot. 3.) Plaintiff alleges Defendants Shandy Media, Inc., Angela Struck, Raymond Attipa, and Tigranouhi Attipa (collectively, "Defendants") published a Video News Report ("Video") on its website that falsely portrays Plaintiff seeking prostitutes during a professional football game in Baltimore, Maryland. (*Id.*)

On October 19, 2017, Plaintiff filed a Complaint against Defendants in the Circuit Court for Baltimore County, Maryland ("Maryland Action"). (*Id.*) Defendants, who are domiciled in California, moved to dismiss the Maryland Action because they were not subject to personal jurisdiction in Maryland. (*Id.*) The Circuit Court of Baltimore County granted Defendants' Motion to Dismiss. (*Id.*) Plaintiff then filed a Motion for Reconsideration, which was denied. (Opp'n 8.)

On October 16, 2018, Plaintiff filed a complaint in the Superior Court for the State of California, County of Los Angeles, alleging two causes of action against Defendants for defamation and false light. (Mot. 2.) On October 26, 2018, before Plaintiff served any Defendant with the summons and Complaint, Defendants removed the case to federal court, maintaining that complete diversity exists and the amount in controversy exceeds $75,000. (Opp'n 8.)

Plaintiff now moves to remand the case back to the Superior Court of the State of California, County of Los Angeles, under 28 U.S.C. § 1441(b)(2). (*See generally* Mot.) Specifically, Plaintiff maintains that because all four Defendants are California citizens, and the action was originally filed in California state court, 28 U.S.C. § 1441(b)(2) restricts the Defendants' ability to remove this case to federal court. (*Id.*)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. §

1441(a), a party may remove a civil action brought in a State court to a district court only if the plaintiff could have originally filed the action in federal court. Thus, removal is only proper if the district court has original jurisdiction over the issues alleged in the state court complaint. There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Under the diversity statute, 28 U.S.C. § 1332, a federal district court has original jurisdiction when the parties are completely diverse and the amount in controversy exceeds $ 75,000. Pursuant to 28 U.S.C. § 1441(a) and (b), a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2)(emphasis added).

## IV. DISCUSSION

The crux of the instant dispute turns on the interpretation of 28 U.S.C. § 1441(b)(2). Specifically, the language "properly joined and served" in § 1441(b)(2) ("Forum Defendant Rule"). Although Plaintiff does not assert that the statute is ambiguous, he maintains that the Court should consult extrinsic aids to determine the purpose of the Forum Defendant Rule. (*See Id.*) Conversely, Defendants maintain that because the Forum Defendant Rule is unambiguous, the language "properly joined and served" must be interpreted according to its plain meaning. (*See* Opp'n.)

In its Removal Notice, Defendants established diversity jurisdiction which was not challenged by the Plaintiff. Thus, the Court, having analyzed Defendants' jurisdictional claims, finds that complete diversity exists. Accordingly, the Court turns

to interpreting the Forum Defendant Rule. As such, the Court will determine whether the Forum Defendant Rule is ambiguous before addressing the absurdity doctrine or turning to extrinsic interpretative aids.

### A. The Language of the Forum Defendant Rule is Unambiguous

Determining whether section 1441(b)(2) applies here is primarily an exercise in statutory interpretation. The starting point for any question of statutory interpretation is the statutory text. *Los Angeles Lakers, Inc. v. Federal Insurance Co.*, 869 F.3d 795, 802 (9th. Cir. 2017) (citing *Lamie v. U.S. Tr.,* 540 U.S. 526, 534 (2004)). Principles of statutory construction direct courts to seek a statute's meaning "in the language in which the act is framed, and if that is plain, and if the law is ... [constitutional], the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (citations omitted).

For the Forum Defendant Rule to bar removal, two distinct obligations are imposed upon a plaintiff—to properly join, and to properly serve any in-state defendant. (*Id.*) These obligations are combined by the conjunctive term "and" in the language "properly joined *and* served." This statutory construction indicates that the Forum Defendant Rule only attaches if a plaintiff properly joins and properly serves at least one in-state defendant. This clear language is not open to multiple interpretations.

Neither the Ninth Circuit nor the Supreme Court have directly spoken on the propriety of pre-service removal and the Forum Defendant Rule. However, in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, the Third Circuit held that the Forum Defendant Rule was unambiguous, as it simply "precludes removal on the basis of in-state citizenship only when [a] defendant has been properly joined and served." 902 F.3d 147, 152 (3rd Cir. 2018).

District courts within the Ninth Circuit are split on the instant issue. *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012). However, "courts on either side of the split have assumed that the removal

statutes are clear and unambiguous." *Id*. A Court from our sister northern district recently addressed the Forum Defendant Rule after *Stone Mansion*, and found the Third Circuit's reasoning persuasive and concluded that the Forum Defendant Rule does not bar an in-state defendant from removing an action before the defendant is served. *See Monfort v. Adomani*, No. 18-CV-05211-LHK, 2019 WL 131842, at *3. (N.D. Cal. Jan. 8, 2019). The Court agrees. However, any plain meaning interpretation of an unambiguous statute that leads to an absurd result must be avoided. *Arizona St. Bd. for Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Circ. 2006). Accordingly, the Court must determine whether a plain meaning interpretation of the Forum Defendant Rule produces an absurd result.

**B. The Absurdity Doctrine**

A court's decision to employ a plain meaning interpretation is tempered by the absurdity doctrine. *Lamie*, 540 U.S. at 534 (2004). The absurdity doctrine requires that Courts must "avoid natural readings that would lead to irrational results." *Arizona St. Bd.*, 464 F.3d at 1008. However, "[w]hen a natural reading of the statute[] leads to a rational, common-sense result, an alteration of meaning is not only unnecessary, but also extrajudicial." *Id.*

As the Third Circuit explained, a plain meaning interpretation of the language "properly joined and served" in the Forum Defendant Rule "envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal." *Stone Mansion*, 902 F.3d at 153. Although the Court recognizes that such an interpretation may lead to absurd results in certain circumstances, absurdity is avoided here because Defendants' conduct is not tantamount to gamesmanship, and Plaintiff was not deprived of a meaningful opportunity to serve Defendants.

Plaintiff's principle case, *Vallejo v. Amgen, Inc.*, demonstrates an instance where it would be absurd to interpret the Forum Defendant Rule according to its plain meaning. No. CV 13-03666-BRO (MANx), 2013 WL 12147584 (C.D. Cal. Aug. 30,

2013). In *Vallejo*, the plaintiff could not possibly serve the defendant prior to removal because the court withheld the summons from the plaintiff until after the defendant removed the case. *Id.* at *3. The *Vallejo* court did not attempt to fashion a bright-line rule requiring remand in cases of pre-service removal. Rather, the *Vallejo* court held that the Forum Defendant Rule should be interpreted to allow a plaintiff at least *some opportunity* to serve a defendant. *Id.*; (*See also* Mot. at 4-5.) *Vallejo* bears striking similarity to other cases before the central district—the Forum Defendant Rule lacks ambiguity, but literal application of the rule would produce an absurd result. *See Standing v. Watson Pharmaceuticals, Inc.*, No. CV 09-0527-DOC (ANx), 2009 WL 842211 (C. D. Cal. Mar. 26, 2009)(granting motion to remand where unserved defendant removed one day after complaint was filed.).

The instant case, however, is factually distinguishable. Here, Defendants removed the case ten days after Plaintiff filed the case in state court, and six days after Plaintiff received summons from that court. (Mot. 2-3.) Thus, Plaintiff had sufficient time to serve Defendants. Moreover, because this case is a subsequent action of the Maryland Action, Plaintiff knew the identities of Defendants and their counsel, and where to serve them. (Decl. of Jay Ward Brown ¶ 4, ECF No. 18.)

While it is clear that courts in this district have found that permitting pre-service removal absurd, others have not, concluding that "the plain language of [Section 1441(b)(2)] states that it only applies when the local defendants have been 'properly joined and served.'" *Timmons v. Linvatec Corp.*, No. CV 09-07947 R (SSx), 2010 WL 2402924, at *1 (C.D. Cal. Mar. 9, 2010); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479, 483 (C.D. Cal. 2007) (concluding that the forum defendant rule "did not apply" because "service could not have been complete" on the in-state defendant until after removal); *Wilder v. Bank of Am., N.A.*, No. CV 14-00670-MMM (CWx), 2014 WL 12591934, at *4 (C.D. Cal. June 30, 2014)(holding that the forum defendant rule is "inapplicable if the removal is effected by an out-of-state defendant before any local defendant is served."). Finally, and arguably most importantly—a Plaintiff in this very

district, in a similar removal action unsuccessfully invoked *Vallejo* to support remand. *Dechow v. Gilead Sciences, Inc.*, No. CV 18-09362-AB (GJSx), 2019 WL 517624 (C.D. Cal. Feb. 8, 2019).

In sum, it is clear that reasonable minds differ on whether a plain meaning interpretation of the Forum Defendant Rule produces absurd results. While *Vallejo* is factually distinguishable, it is persuasive to the extent that literal application of the Forum Defendant Rule that precludes the opportunity to serve an opposing party cannot stand. Given that the facts in the instant case do not represent such a circumstance, the Court is unwilling to effectively erase language from a statute by ignoring the language "and served" in the Forum Defendant Rule and tread dangerously into legislative province. It is the role of Congress, not the Courts, to rewrite a statute. *Xi v. INS*, 298 F.3d 832, 839 (9th Cir. 2002).

Accordingly, the text of the Forum Defendant Rule is unambiguous and does not produce an absurd result.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

February 14, 2019

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**